## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CALVIN MAYFIELD,        )
M31586,                 )
                        )
                Plaintiff,   )
                        )
vs.                     )
                        )
ROSE LOOS,              )        Case No. 23-cv-1642-DWD
CATHY McCLURE,          )
OAKLEY,                 )
SHANNON DENMAN,         )
DAVID MITCHELL,         )
                        )
                Defendants.  )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on pro se Plaintiff Calvin Mayfield's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 3). Upon review of the Complaint, Plaintiff was allowed to proceed on a claim of Eighth Amendment deliberate indifference to his serious mental health needs against Defendants Loos, McClure, Denman, and Mitchell. (Doc. 8). On review of an amended pleading (Doc. 15), Plaintiff was also allowed to proceed against Defendant Oakley. (Doc. 18). The Defendants were also directed to respond to his Motion for a Temporary Restraining Order. (*Id.*).

On August 28, 2023, the Defendants filed an answer to the emergency motion, and at the Court's direction they supplemented their answer on September 11, 2023. (Docs. 38, 47). Plaintiff replied. (Doc. 49). Based on a thorough review of the parties' briefs, the Court held a hearing on the Motion on November 15, 2023, and a follow-up status hearing

on January 30, 2024.  With the agreement of the parties, the Motion for a Preliminary Injunction (Doc. 3) is now denied as moot.

### The Motion (Doc. 3)

Plaintiff sought injunctive relief in the form of compliance with his Master Mental Health Treatment Plan, which he alleged was not being followed at Pinckneyville.  (Doc. 3 at 2).  He alleged that his treatment plan requires one-on-one sessions monthly for up to 30 minutes.  (Doc. 3).  In support of his Complaint, he tendered a mental health master treatment plan that contemplated "1:1 individual therapy 1x30 days for 15-30 mins w/ QMHP staff.  Group therapy will [be] available facilitated by QMHP staff."  (Doc. 1-3 at 34).  Both in his complaint (Doc. 1), and in a memorandum in support of his emergency motion (Doc. 1-2 at 2-3), Plaintiff contended that since arriving at Pinckneyville he had not received frequent treatment, which led to a suicide attempt in December of 2022.  After the suicide attempt, he maintained he still was not receiving care at a satisfactory interval or duration.  (*Id.*).

Between the original (Doc. 38) and supplemental (Doc. 47) responses to Plaintiff's Motion, the testimony at the November 15, 2023, hearing, and the additional records tendered (Docs. 78, 79), the Court finds that the frequency of Plaintiff's treatment has now improved to a level that is compliant with his Master Treatment plan.  Specifically, Plaintiff has been seen for telepsychiatry visits in January, February, April, May, August, September, October, November and December of 2023.  At the January 30, 2024, hearing, Plaintiff confirmed that he had also been seen for a telepsychiatry visit on January 22, 2024.  Plaintiff has also been seen for one-on-one sessions in January, February, April,

September, October, and December of 2023, and again in January of 2024.  Plaintiff has attended just one group session in the relevant time period, but the parties agree that group sessions are a compliment to other services and are not the priority.

### Analysis

To seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and irreparable harm without the injunctive relief.  *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020).  The parties now agree, and the evidence supports a finding that Plaintiff's Motion for a Preliminary Injunction (Doc. 3) has been rendered moot by the recent improvement from September 2023 onward of the mental health services that he has received.  With current services in place that meet the Master Treatment Plan, there is no temporary injunctive relief to be offered.  However, if a future issue arises with compliance to the Master Treatment Plan, Plaintiff may raise the issue in a renewed motion for injunctive relief.

### Disposition

Plaintiff's Motion for a Temporary Restraining Order (Doc. 3) **DENIED as MOOT**.

**IT IS SO ORDERED.**

Dated: January 30, 2024

*/s David W. Dugan*
DAVID W. DUGAN
United States District Judge
